IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MAO –MSO RECOVERY II, LLC, a Delaware entity; MSP RECOVERY, LLC, a Florida entity; MSPA CLAIMS I, a Florida entity,<br><br>  Plaintiffs,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois Company,<br><br>  Defendant. | Case No. 3:17-cv-00321-NJR-DGW |

### DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant State Farm Mutual Automobile Insurance Company ("State Farm"), by and through its counsel of record, and pursuant to Rule 8, 12(b)(1), and 12(b)(6) of the Federal Rules of Civil Procedure, hereby moves to dismiss Plaintiffs' First Amended Complaint ("Amended Complaint") on the following grounds:

1. The complaint in this case is one of a number of cookie-cutter complaints filed in federal courts throughout the country. Plaintiffs allege that State Farm "failed to fulfill its statutorily-mandated duty under the Medicare Secondary Payer provisions of the Medicare Act to reimburse Medicare Advantage Organizations ('MAOs') for medical treatments or expense paid by Plaintiffs and the putative Class Members … on behalf of Medicare beneficiaries who entered into a settlement with Defendant." Doc. 33 ¶ 1.

2. Plaintiffs are not MAOs, but contend that the MAOs from whom they purportedly received assignments paid for the medical items or services of Medicare beneficiaries even though

"Defendant was ultimately responsible for paying those expenses in accordance with" the MSP Law. *Id.* ¶ 3. Yet nowhere do Plaintiffs provide even the first basic fact about any specific settlement, bill, or payment that would permit State Farm to assess and respond to the accusations made against it. The Amended Complaint fails to identify any settlement at issue in this lawsuit and fails to allege how, when, and on what occasions State Farm failed to make even a single required payment with respect to even one of the "numerous" MAOs who allegedly assigned claims to the Plaintiffs. While Plaintiffs have articulated a general legal theory under which they seek to travel, they have provided State Farm with no actual facts upon which their claims could be based or defenses could be asserted.

3. State Farm moved to dismiss Plaintiffs' original complaint, setting forth that Plaintiffs failed to present a single specific claim upon which their general theory of liability is based. In response, Plaintiffs' amended their complaint, but again failed to offer any facts with respect to any specific claim.

4. Plaintiffs' Amended Complaint should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for a lack of subject matter jurisdiction because Plaintiffs fail to allege the concrete, particularized injury required for Article III standing.

5. Plaintiffs' Amended Complaint further should be dismissed pursuant to Rule 12(b)(6) because it fails to plead sufficient facts to raise Plaintiffs' right to relief above the speculative level.

6. Plaintiffs' Amended Complaint further should be dismissed pursuant to Rule 8 because a copy-paste complaint where, as here, one defendant is merely substituted for another, cannot provide the requisite notice.

7.  In further support of this Motion, State Farm has also submitted State Farm's Memorandum of Law in Support of Its Motion to Dismiss Plaintiffs' Amended Complaint.

WHEREFORE, for the reasons set forth in this Motion and the supporting Memorandum of Law, Defendant, State Farm Mutual Automobile Insurance Company, respectfully requests that Plaintiffs' Amended Complaint be dismissed, with prejudice, pursuant to Rule 8, 12(b)(1), and 12(b)(6) of the Federal Rules of Civil Procedure.

Respectfully submitted,

*/s/ Patrick D. Cloud*
Patrick D. Cloud
ARDC #: 6282672
HEYL, ROYSTER, VOELKER & ALLEN
Suite 100, Mark Twain Plaza III
105 West Vandalia Street
Suite 100
Edwardsville, IL  62025-0467
Telephone:   (618) 656-4646
Facsimile:    (618) 656-7940
pcloud@heylroyster.com

Joseph A. Cancila, Jr. (#6193252)
James P. Gaughan (#6204406)
RILEY SAFER HOLMES & CANCILA LLP
Three First National Plaza
70 West Madison Street, Suite 2900
Chicago, Illinois 60602
Phone: (312) 471-8700
Fax: (312) 471-8701
jcancila@rshc-law.com
jgaughan@rshc-law.com

Benjamine Reid
Florida Bar No. 183522
CARLTON FIELDS JORDEN BURT, P.A.
100 Southeast Second Street
Suite 4200
Miami, Florida 33131-9101
Telephone: (305) 530-0050
Facsimile: (305) 530-0055
breid@carltonfields.com
D. Matthew Allen
Florida Bar No. 866326
CARLTON FIELDS JORDEN BURT, P.A.
Corporate Center Three
   at International Plaza
4221 W. Boy Scout Boulevard
Suite 1000
Tampa, FL 33607
Telephone: (813) 223-7000
Facsimile: (813) 229-4133
mallen@carltonfields.com

***Attorneys for State Farm Mutual Automobile Insurance Company***

## CERTIFICATE OF SERVICE

I CERTIFY that on June 16, 2017, a copy of the foregoing was e-filed with the Clerk of the Court using the CM/ECF system, which will send e-filing notices to counsel of record.

                                */s/ Patrick D. Cloud*
                                   Attorney