UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MAO-MSO RECOVERY II, LLC, MSP RECOVERY LLC, *and* MSPA CLAIMS 1, LLC,<br><br>    Plaintiffs,<br><br>        v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY<br><br>    Respondent. | Case No.   1:17-cv-01541-JBM-JEH |

## ORDER & OPINION

The matter is before the Court on Defendant's Motion to Dismiss. (Doc. 34). For the reasons explained below, Defendant's Motion to Dismiss is GRANTED for lack of subject matter jurisdiction. Plaintiffs have twenty-one days to file a second amended complaint to cure the deficiencies as noted.

### LEGAL BACKDROP

This lawsuit arises under the Medicare Secondary Payer ("MSP") provisions of the Medicare Act, 42 U.S.C. § 1395y *et seq*. "The MSP is actually a collection of statutory provisions codified during the 1980s with the intention of reducing federal health care costs." *United States v. Baxter Intern., Inc.*, 345 F.3d 866, 874 (11th Cir. 2003). Part C of the Medicare Act allows Medicare enrollees to obtain their Medicare benefits through private insurers, called Medicare Advantage Organizations ("MAOs"), instead of receiving direct benefits from the government under Parts A and B. 42 U.S.C. § 1395w-21(a). The Center for Medicare and Medicaid Services ("CMS")

"pays an MAO a fixed amount for each enrollee, per capita (a "capitation")," and "[t]he MAO then administers Medicare benefits for those enrollees and assumes the risk associated with insuring them." *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 685 F.3d 353, 357-58 (3d Cir. 2012). Congress's goal in creating the MAO program "was to harness the power of private sector competition to stimulate experimentation and innovation that would ultimately create a more efficient and less expensive Medicare system." *Id.* at 363.

"The MSP makes Medicare insurance secondary to any 'primary plan' obligated to pay a Medicare recipient's medical expenses, including a third-party tortfeasor's automobile insurance." *Parra v. PacifiCare of Ariz., Inc.*, 715 F.3d 1146, 1152 (9th Cir. 2013) (citing § 1395y(b)(2)(A)). "In other words, 'Medicare serves as a back-up insurance plan to cover that which is not paid for by a primary insurance plan.'" *Caldera v. Ins. Co. of the State of Pa.*, 716 F.3d 861, 863 (5th Cir. 2013) (quoting *Thompson v. Goetzmann*, 337 F.3d 489, 496 (5th Cir. 2003)). The Medicare Act provides that Medicare cannot pay medical expenses when "payment has been made or can reasonably be expected to be made under . . . an automobile or liability insurance policy or plan . . . or no fault insurance." § 1395y(b)(2)(A)(ii). There is only one exception to the prohibition in paragraph (2)(A): if a primary plan "has not made or cannot reasonably be expected to make payment," the Secretary can make a conditional payment; however, since Medicare remains the secondary payer, the primary plan must reimburse Medicare for the conditional payment. § 1395y(b)(2)(B)(i)-(ii).

The MSP provides a private cause of action for damages in an amount double the amount otherwise provided in the case of a primary plan which fails to provide for primary payment or appropriate reimbursement. § 1395y(b)(3)(A). Plaintiffs in this case, who have been assigned the rights of recovery by numerous MAOs, purport to bring a private cause of action under subsection (3)(A) against Defendant State Farm Mutual Automobile Insurance Company ("State Farm") for failure to provide reimbursement for the assignor-MAOs' secondary payments. The Seventh Circuit has not determined whether an MAO (or its assignee) may avail itself of the MSP private cause of action in paragraph (3)(A). The Third and Eleventh Circuits—the only circuit courts that have addressed this issue—have held that paragraph (3)(A) permits an MAO to sue a primary plan that fails to reimburse an MAO's secondary payment. *See Humana Med. Plan, Inc. v. W. Heritage Ins. Co.*, 832 F.3d 1229, 1238 (11th Cir. 2016); *In re Avandia*, 685 F.3d at 355. Since the decisions by the Third and Eleventh Circuits, district courts around the country have followed suit. *See, e.g.*, *Humana Ins. Co. v. Paris Blank LLP*, 187 F.Supp. 3d 676, 681 (E.D. Va. 2016); *Humana Med. Plan, Inc. v. W. Heritage Ins. Co.*, 94 F.Supp.3d 1285, 1290–91 (S.D. Fla. 2015); *Cariten Health Plan, Inc. v. Mid-Century Ins. Co.*, No. 14-476, 2015 WL 5449221, *5-*6 (E.D. Tenn. Sept. 1, 2015); *Collins v. Wellcare Healthcare Plans, Inc.*, 73 F.Supp.3d 653, 664–65 (E.D. La. 2014); *Humana Ins. Co. v. Farmers Tex. Cnty. Mut. Ins. Co.*, 95 F.Supp.3d 983, 986 (W.D. Tex. 2014).

State Farm does not argue that Plaintiffs cannot bring a cause of action under subsection (3)(A), and the Court finds no reason to depart from the national trend

interpreting subsection (3)(A) to permit MAOs to bring private causes of action. Even though Plaintiffs are not MAOs, but rather are the assignees of several MAOs' rights of recovery, the Seventh Circuit has held that "'the assignee stands in the shoes of the assignor and assumes the same rights, title and interest possessed by the assignor.'" *Perry v. Globe Auto Recycling, Inc.*, 227 F.3d 950, 953 (7th Cir. 2000) (quoting *Plumb v. Fluid Pump Serv. Inc.*, 124 F.3d 849, 864 (7th Cir. 1997) (finding that assignee of medical benefits under ERISA plan can bring suit to collect benefits under ERISA civil enforcement provisions). Therefore, Plaintiffs, as assignees, stand in the shoes of the MAOs, and can bring a private cause of action under subsection (3)(A).

## BACKGROUND OF THIS CASE[1]

Plaintiffs filed this action "on behalf of themselves and all other similarly situated MAOs, and their assignees, for double damages," pursuant to the MSP private cause of action in paragraph (3)(A). (Doc. 33 ¶ 5). Plaintiffs assert that several Medicare beneficiaries were enrolled in Medicare Advantage Plans administered by the assignor-MAOs. *Id.* ¶47. These Medicare beneficiaries suffered injuries for which Plaintiffs and the putative class members paid for medical services, treatment, drugs, and/or supplies, even though Defendant had primary responsibility to pay for same. *Id.* ¶¶47-48. As such, Defendant, as the primary payer, was required to make appropriate reimbursement for the conditional Medicare benefits advanced by

---

[1] For purposes of the instant motion, the Court accepts the following facts alleged by Plaintiff as true. *See Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

4

Plaintiffs and the putative class members on behalf of the Medicare beneficiaries. *Id.* ¶48. Plaintiffs claim that State Farm has failed to pay or reimburse the Medicare beneficiaries' MAOs for the payments made by the MAOs that were required to be paid by State Farm as a result of the Medicare beneficiaries' injuries. *Id.*

On June 16, 2017, State Farm filed a motion to dismiss Plaintiffs' amended complaint.[2] (Doc. 34). State Farm argues that Plaintiffs lack Article-III standing to sue because they have not shown injury-in-fact and that Plaintiffs have failed to state a claim for which relief may be granted because the amended complaint is too generic. Plaintiffs filed a response (Doc. 40) and this matter is ripe for decision. The Court only addresses Defendant's first argument, and finds that Plaintiffs lack standing.

## LEGAL STANDARD

"As the party invoking federal jurisdiction, a plaintiff bears the burden of establishing the elements of Article III standing." *Silha v. ACT, Inc.,* 807 F.3d 169, 173 (7th Cir. 2015) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559-60 (1992)). Because standing is "not [a] mere pleading requirement[ ] but rather an indispensable part of the plaintiff's case, [it] must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." *Lujan*, 504 U.S. at 561. In evaluating a challenge to subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must first determine whether a

---

[2] Plaintiffs filed their original complaint on March 28, 2017, in the Southern District of Illinois. On May 12, 2017, State Farm filed its first Motion to Dismiss (Doc. 27) and a Motion to Transfer to the Central District of Illinois (Doc. 25). Thereafter, Plaintiffs filed an Amended Complaint (Doc. 33), rendering State Farm's first Motion to Dismiss (Doc. 27) moot. The Southern District of Illinois granted transfer to this district on November 28, 2017.

5

factual or facial challenge has been raised. *Silha*, 807 F.3d at 173. A factual challenge contends that "there is in fact no subject matter jurisdiction," even if the pleadings are formally sufficient. *Apex Dig., Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009). "In reviewing a factual challenge, the court may look beyond the pleadings and view any evidence submitted to determine if subject matter jurisdiction exists." *Silha*, 807 F.3d at 173. In contrast, a facial challenge argues that the plaintiff has not sufficiently "alleged a basis of subject matter jurisdiction." *Apex Dig*, 572 F.3d at 443. "In reviewing a facial challenge, the court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff." *Silha*, 807 F.3d at 173. State Farm brings a facial challenge to the amended complaint because it contends that Plaintiffs' amended complaint lacks sufficient factual allegations to establish standing.

## DISCUSSION

"Standing is an essential component of Article III's case-or-controversy requirement." *Apex Dig*, 572 F.3d at 443 (citing *Lujan*, 504 U.S. at 560). "'In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or particular issues.'" *Perry v. Vill. of Arlington Heights*, 186 F.3d 826, 829 (7th Cir. 1999) (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). "As a jurisdictional requirement, the plaintiff bears the burden of establishing standing." *Apex Dig*, 572 F.3d at 443 (citing *Perry*, 186 F.3d at 829). Standing consists of three elements. *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016). "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct

6

of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* State Farm argues that Plaintiffs lack standing because they have failed to allege the first element, that they suffered an injury-in-fact. "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (citing *Lujan*, 504 U.S. at 560). For an injury to be "particularized," it "must affect the plaintiff in a personal and individual way." *Id.* (internal citation omitted). For an injury to be "concrete," it must be "real" and "not abstract." *Id.* The threshold requirements of standing apply to representative plaintiffs in class actions. *Pierre v. Midland Credit Mgmt., Inc.*, No. 16-2895, 2017 WL 1427070, *3 (N.D. Ill. Apr. 21, 2017).

Plaintiffs allege that Defendant "failed to pay or reimburse" the MAOs, whose rights were assigned to Plaintiffs, as required by § 1395y(b)(2)(B)(i)-(ii). (Doc. 33 at ¶ 48). Plaintiffs contend that "[t]he MAOs, Full Risk Payers and/or their assignee(s) [(Plaintiffs])) suffered a monetary injury because of Defendant's failures to pay or otherwise reimburse the MAOs, Full Risk Payers and/or their assignee(s)." *Id.* ¶ 49. Plaintiffs purport to bring a class action on behalf of "[e]ntities that contracted directly" with CMS "and/or their assignees" "including but not limited to MAOs and other similar entities" "[t]hat have made payment(s) for Medicare Services, whereby, the MAO or its assignee, as a secondary payer, has the right and responsibility to obtain reimbursement for such Medicare Services," and where "Defendant [as primary payer] failed to properly reimburse the MAOs or their assignees, after

7

Defendant entered into settlements with Medicare beneficiaries who received Medicare benefits through enrollment in a Medicare Advantage plan." *Id.* ¶ 51. Plaintiffs redacted the name of the class representative MAO and pleaded that the name of the class representative Medicare beneficiary is "R.F." *Id.* ¶ 50.

The Court agrees that Plaintiffs have failed to sufficiently allege injury in fact because Plaintiffs do not allege particular and concrete injuries on behalf of R.F. or the representative MAO. "[I]f none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class." *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974). "[N]amed plaintiffs who represents a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'" *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26 n. 20 (1976) (citing *Warth*, 426 U.S. at 502)). In other words, the Article-III standing inquiry remains the same even if the case is proceeding as a class action. *Cf. Payton v. County of Kane,* 308 F.3d 673, 682 (7th Cir. 2002) ("[I]t bears repeating that a person cannot predicate standing on injury which he does not share. Standing cannot be acquired through the back door of a class action."). "To have standing as a class representative, the plaintiff must be part of the class, 'that is, he must possess the same interest and suffer the same injury shared by all members of the class he represents.'" *Schultz v. Prudential Ins. Co. of Am.*, 678 F.Supp.2d 771, 782 (N.D. Ill. 2010) (quoting *Keele v. Wexler*, 149 F.3d 589, 592–93 (7th Cir.1998)). Plaintiffs do not specifically allege that R.F. and the

8

representative MAO suffered harm.[3] The only mention of the class representatives is in paragraph 50 of the amended complaint which states: "The representative MAO is ▓▓▓▓. The representative Medicare Beneficiary is R.F. The representative Medicare Beneficiary's policy number is ▓▓▓▓." These allegations are insufficient to establish standing, and the Court therefore lacks subject matter jurisdiction over Plaintiffs' claims.[4] Plaintiffs are granted twenty-one days from the date of this order to amend their pleadings and cure the deficiencies as noted.[5]

## CONCLUSION

State Farm's original Motion to Dismiss (Doc. 27) is DENIED as MOOT. State Farm's Motion to Dismiss the Amended Complaint (Doc. 34) is GRANTED for lack of subject matter jurisdiction. Plaintiffs are granted twenty-one days from the date of this order to amend the deficiencies as noted.

Entered this 9th day of January, 2018.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge

---

[3] The Court further observes that the MSP statute does not provide for a *qui tam* cause of action. *See Woods v. Empire Health Choice, Inc.*, 574 F.3d 92, 95 (2d Cir. 2009) (The MSP did not create a *qui tam* action); *Stalley v. Methodist Healthcare*, 517 F.3d 911, 916-17 (6th Cir. 2008) (The MSP is not a *qui tam* statute); *Stalley* ex rel. *U.S. v. Orlando Regional Healthcare Sys., Inc.*, 524 F.3d 1229, 1234 (11th Cir. 2008) (same). Therefore, any comparison by Plaintiffs to cases involving *qui tam* actions under the False Claims Act is inapposite.

[4] *See also O'Connor v. Mayor & City Council of Baltimore*, 494 F.Supp.2d 372, 374 (D. Md. 2007) (plaintiff, an individual Medicare beneficiary, sufficiently alleged injury in fact in MSP action where he alleged that primary payer's refusal to fulfill its obligation forced Medicare to make all of Plaintiff's mesothelioma-related payments).

[5] *See Murray v. Conseco, Inc.*, 467 F.3d 602, 605 (7th Cir. 2006) (instructing lower court to enter dismissal of first amended complaint without prejudice for lack of subject matter jurisdiction and to grant plaintiffs leave to amend).